UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS GREEN,

 Plaintiff,

v.                  Case No.: 8:17-cv-1428-T-27AAS

COSTCO WHOLESALE CORP.,

 Defendant.
_____/

## ORDER

Phyllis Green moves to have thirteen requests for admission deemed admitted by Costco. (Doc. 18, pp. 1–2). Costco failed to respond to Ms. Green's motion within the fourteen days permitted by the Local Rules for responding to a motion. *See* Local Rule 3.01(b). Instead, Costco filed its response a week later than the response was due. (Doc. 19). Costco advises that it finally served its responses to Ms. Green's prior requests for admission—albeit, over at least three months late—and that its delay should be excused. Included in its response, Costco requests that it be permitted to withdraw any deemed admissions for the second and eighth through thirteenth requests.

**I. BACKGROUND**

On November 16, 2017, Ms. Green served requests for admission on Costco. (Doc. 18, p. 4).[1] Under Rule 36(a)(3), the party receiving requests for admission must serve written answers

---

[1] Ms. Green points out that she first served her requests for admission on Costco on May 19, 2017, while this case was still in state court. (Docs. 22, p. 1; 22-1). Ms. Green argues Costco was required to respond to her requests by July 5, 2017—forty-five days after she served her requests and complaint on Costco. (Doc. 22, p. 2). However, Costco removed the case to this Court on June 15, 2017. (Doc. 1). The Florida Rules of Civil Procedure apply to discovery requests in Florida state courts. Fla. R. Civ. P. 1.010. When a defendant removes a case to federal

1

or objections on the requesting party within thirty days. Fed. R. Civ. P. 36(a)(3). Therefore, Costco had until December 18, 2017, to respond to Ms. Green's requests for admission. Costco responded on March 21, 2018.

## II. ANALYSIS

The Federal Rules of Civil Procedure allow a party to serve another party with a written request to admit the truth of relevant matters. Fed. R. Civ. P. 36(a)(1). If the receiving party fails to respond to requests for admission within thirty days, any matters properly included in the requests are deemed admitted. Fed. R. Civ. P. 36(a)(3). The rule requires neither further action by the requesting party or court intervention; instead, matters properly requested to be admitted are automatically deemed admitted. *Id.*; *see also Schwartz v. NCL (Bahamas), Ltd.*, No. 08-23092-CIV-JORDAN/McAiley, 2009 WL 10666990, at *1 (S.D. Fla. Aug. 17, 2009) (stating that, when a receiving party fails to respond to requests for admission, a motion to deem items admitted is unnecessary because the items are automatically deemed admitted). Rule 36 ensures trials are expedited and relieves parties of the costs associated with proving facts that will not be disputed at trial. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). A matter admitted under Rule 36 is conclusively established unless the court permits a party to withdraw or amend the admission. Fed. R. Civ. P. 36(b).

Here, Costco failed to respond to Ms. Green's requests for admission within thirty days. Therefore, the thirteen items properly included in Ms. Green's request are automatically deemed

---

court, the Federal Rules of Civil Procedure apply. Fed. R. Civ. P. 81(c)(1). Therefore, the discovery deadlines imposed by the Florida Rules of Civil Procedure when this case was still in state court do not apply in this Court. That said, given that Costco has been on notice of Ms. Green's requests for admission since May 2017, Costco's failure to timely respond to Ms. Green's requests for admission from November 2017 is even more striking.

admitted under the plain language of Rule 36. Because court action is unnecessary and inconsistent with the plain language of Rule 36, Ms. Green's motion for the court to deem the requests admitted is denied.

Consistent with Rule 36(b), however, Costco seeks permission to withdraw its deemed admissions. Under Rule 36(b), the court may permit a party to withdraw or amend its admissions if doing so would promote a presentation of the merits of the case and no prejudice exists with respect to the opposing party. Fed. R. Civ. P. 36(b). Therefore, before allowing a party to withdraw or amend its admissions, the court must determine whether: (1) withdrawing or amending the admissions would promote a presentation on the merits of the case; and (2) there would be prejudice to the party who obtained the admissions in its presentation of the case. *Perez*, 297 F.3d at 1264. The first step emphasizes the importance of having cases decided on the merits and is satisfied when the admissions—before withdrawal or amendment—eliminate presentation of the merits of the case. *Id.* at 1266 (citations omitted). The second step relates to the difficulty the party who obtained the admissions might face in proving its case because of a "sudden need" to obtain evidence with respect to the items deemed admitted. *Id.* at 1266–67 (citations omitted).

In this case, Ms. Green alleges Costco's negligence caused the injuries she sustained while on Costco's premises. (Doc. 2). Ms. Green claims she was struck by shopping carts transported by Costco employees. (*Id.*). Ms. Green's second request for admission concerns whether the Costco employees transporting shopping carts acted within the scope of their employment. (Doc. 18, p. 3). Ms. Green's eighth through thirteenth requests for admission concern relevant elements of negligence and whether those elements are met. (*Id.* at 4). For example, Ms. Green's twelfth request asks Costco to admit that Ms. Green's injuries were "caused by the negligence of Costco."

3

(Doc. 18, p. 4). Not surprisingly, Costco requests leave to withdraw its admissions to the second and eighth through thirteenth requests from Ms. Green. (Doc. 19).

With respect to the first factor in determining whether the court should permit Costco to withdraw its admissions, withdrawal would clearly promote a presentation on the merits of this case. Ms. Green's cause of action stems from Costco's alleged negligence and the admissions Costco seeks to withdraw establish that negligence. Permitting Costco to withdraw its admissions to Ms. Green's second and eighth through thirteenth requests would allow these important and central issues to be decided on their merits. Therefore, this factor weighs in Costco's favor.

With respect to the second factor, Ms. Green will not be prejudiced by Costco's withdrawal of the second and eighth through thirteenth admissions. In its answer, Costco denied any negligence resulting in injury to Ms. Green. (Doc. 4). Thus, Ms. Green knew from the start of this case that she would have to prove the elements of negligence. Also, the trial in this case does not begin until December 2018. When the party who obtained the admissions knows—from the start of the case—that she must prove the elements of her cause of action and trial has not yet begun, there is no prejudice to that party under Rule 36(b). *Perez*, 287 F.3d at 1267–68. Therefore, this factor also weighs in Costco's favor and Costco's motion to withdraw its admissions to Ms. Green second and eighth through thirteenth requests is granted.[2]

However, the court admonishes Costco to adhere to all future deadlines. Rule 36(a)(3)

---

[2] In her response to Costco's Alternative Motion to Withdraw or Amend Admissions, Ms. Green argues Costco should not be permitted to withdraw its admissions. (Doc. 22). For support, Ms. Green relies on the Ninth Circuit's decision in *Conlon v. United States*, 474 F. 3d 616 (2007). However, a number of facts distinguish *Conlon* from this case. Most notably, in *Conlon*, the party seeking to withdraw its admissions moved to do so after the deadline for dipositive motions and less than two months before trial was to begin. *Id.* at 619–20. Here, Costco moved to withdraw its admissions well before the dispositive motion deadline and the December 2018 trial term.

gives a party thirty days to respond to requests for admission. Costco responded to Ms. Green's requests for admission four months after receiving the request. (Doc. 19, pp. 1–2). Local Rule 3.01(b) gives a party opposing a motion fourteen days to respond to that motion. Costco responded to Ms. Green's Motion to Deem Matters Admitted three weeks after Ms. Green submitted her motion. (Doc. 19). Costco's gripe that Ms. Green failed to serve all of Costco's attorneys or that Ms. Green served the wrong attorney is meritless because Ms. Green served all of Costco's attorneys via CM/ECF and Costco still failed to submit a timely response. The court will not excuse inattention to deadlines imposed by the Federal Rules of Civil Procedure and the Local Rules because two attorneys (in a law firm with eight attorneys) failed to convene and discuss which discovery request each attorney received.

## III. CONCLUSION

Because a court order is unnecessary to have requests for admission deemed admitted under Rule 36, Ms. Green's Motion to Deem Matters Admitted (Doc. 18) is **DENIED**.

Additionally, permitting Costco to withdraw its admissions to Ms. Green's second and eighth through thirteenth requests would promote a presentation on the merits of the case. Ms. Green is also not prejudiced by allowing Costco to withdraw its admissions to Ms. Green's second and eighth through thirteenth requests. Therefore, Costco's Alternative Motion to Withdraw or Amend Admissions (Doc. 19) is **GRANTED**. Costco's admissions to Ms. Green's second and eighth through thirteenth requests for admission are withdrawn.

**ORDERED** in Tampa, Florida on this 20th day of April, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge